09-1885-ag
Dong v. Holder

BIA
Lamb, IJ
A095 710 461

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XIAO YUN DONG,
> *Petitioner,*

v.                                    09-1885-ag
                                      NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Shelley R. Goad, Senior Litigation Counsel; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Xiao Yun Dong, a native and citizen of the People's Republic of China, seeks review of an April 8, 2009, order of the BIA affirming the February 27, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Yun Dong* No. A095 710 461 (BIA April 8, 2009), *aff'g* No. A095 710 461 (Immig. Ct. N.Y. City Feb. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  The IJ's Adverse Credibility Determination**

Substantial evidence supports the IJ's determination

that Dong's testimony was not credible. The IJ relied on inconsistencies between Dong's hearing testimony and credible fear interview statements; as between the two accounts, the IJ reasonably credited Dong's statements from her credible fear interview. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004); *Zhang v. Holder*, 585 F.3d 715, 724 (2d Cir. Oct. 30, 2009). The record of the credible fear interview bears sufficient indicia of reliability: (1) it appears to be a transcript of Dong's interview; (2) the questions posed were designed to elicit details of Dong's asylum claim; (3) Dong's argument that she was nervous because she had been arrested previously in China is insufficient to undermine the credible fear interview's reliability; and (4) although Dong argues that she did not understand the questions, she specifically requested a change in interpreters from Mandarin to Foo Chow (and so acknowledged her merits hearing). *See Ramsameachire*, 357 F.3d at 179; *Zhang*, 585 F.3d at 725. We are not compelled to find error in the IJ's refusal to credit the explanations Dong offered for the inconsistencies between her testimony and her credible fear interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

3

**II. The Persecutor Bar**

The agency properly determined--based on Dong's credible fear interview statement--that Dong assisted in the persecution of others on account of a protected ground, and was therefore statutorily ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i). Dong testified that she did not regularly guard women, that she did not know that the women underwent forced abortions until "later," and that she performed a "redemptive act" by helping a woman to escape. *See Weng v. Holder*, 562 F.3d 510 (2d Cir. April 14, 2009)*; Yan Yan Lin v. Holder*, 584 F.3d 75 (2d Cir. Oct. 14, 2009).

However, the IJ found Dong's testimony not credible. Instead, the IJ credited Dong's statements at her credible fear interview that she guarded approximately ten women over a period of three months, knew the women were scheduled for forced abortions, and did not help the woman to escape. *See Xu Shen Gao v. U.S. Att'y Gen'l,* 500 F.3d 93, 103 (2d Cir. 2007) (stating that the persecutor bar "requires some level of culpable knowledge that the consequences of one's actions would assist in acts of persecution"). Dong's actions are therefore analogous to those considered in *Zhang Jian Xie v.*

4

*INS*, 434 F.3d 136, 143 (2d Cir. 2006) ("assistance in persecution" is conduct that is "active and ha[s] direct consequences for the victims."); *Weng*, 562 F.3d at 515 ("[t]o be sure, guarding patients awaiting forced abortions comes closer to active assistance than does post-operative monitoring of vital signs."). Moreover, nothing in the record suggests that Dong was not free to voluntarily leave her job at any time. *See Xie*, 434 F.3d at 143. Accordingly, the agency properly found that Dong was statutorily barred from asylum and withholding of removal based on her assistance in the persecution of others. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i); 1231(b)(3)(B)(i).

**III. CAT Relief**

Deferral of removal under the CAT is available to those who would qualify for asylum and withholding of removal but for a ground of "mandatory denial" such as the persecutor bar. *See* 8 C.F.R. § 1208.17. Because the BIA failed to consider Dong's CAT claim, and because it is unclear whether the agency believed Dong to be a Catholic, we remand so that the agency may consider Dong's eligibility for CAT relief on the basis of both her religion and family planning claims. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir.

5

2004) (holding that even if the denial of asylum or withholding of removal is based on an adverse credibility determination, it does not necessarily preclude relief under the CAT since the facts about which the applicant is not credible may be different from the facts needed to prove his or her CAT claim.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6